SEVENTH-DAY ADVENTIST PUBLISHING ASSOCIATION *v.*
BOARD OF STATE AUDITORS.

STATE PRINTING—AWARD OF CONTRACT—LOWEST BIDDER.

> The board of state auditors, in determining who is the lowest
> responsible bidder for the state printing, may take into con-
> sideration the fact that the doing of the work away from the
> capital would entail additional expense to the State.

*Mandamus* by the Seventh-Day Adventist Publishing
Association to compel the board of state auditors to
award to relator the contract for the state printing. Sub-
mitted April 5, 1898. Writ denied May 6, 1898.

*O. S. Clark* (*Jesse Arthur*, of counsel), for relator.

*Fred A. Maynard*, Attorney General (*Cahill & Os-
trander*, of counsel), for respondent.

HOOKER, J. The relator is owner of an extensive print-
ing and binding establishment at Battle Creek. It has
petitioned this court for a *mandamus* to compel the board
of state auditors to execute a contract for the state print-
ing with the relator, upon the claim that in a recent com-
petition it was the lowest responsible bidder for such work,
and was found to be such by the respondent. These
claims are denied by the answer, which alleges that
relator was not the lowest responsible bidder, and that the
board so decided. The answer admits that the bid of
relator for the work was $3,759.43 less in amount than that
of the Robert Smith Printing Company, its competitor, but
that relator's bid contemplated that the work would be done
in Battle Creek, while that of the Robert Smith Printing
Company was made with the expectation that the same
should be done in Lansing; and the respondent alleges
that, if the work should be done in Battle Creek, it would
not only be attended with inconvenience and delay, but

also with expenses to the State in the way of transportation, establishing a warehouse for paper at Battle Creek, and providing a custodian of the same, proof-reading by different persons, representing each of the several departments, etc., which would increase the cost of printing to the State more than the difference between the bids. We must take this answer to be true, as no issue has been made upon it; and, if we do, we must find that the relator was not the lowest bidder. We cannot assent to the proposition that the contract should be awarded to the bidder who makes the lowest price per thousand ems and per token, regardless of the place where the work is to be done, and the expenses attending upon the transportation to and from another city, and the other expenses alleged to be incident to work done at a distance from the capital.

It is argued that the board had no right to assume that relator did not intend to do such work at Lansing. The notice and proposal are not in the record, but the petition describes in detail the facilities of the relator at Battle Creek, and its letter contained in the brief states the plan to be to have as much of the work as is necessary done at Lansing, from which the inference is natural that all was not expected to be done there. This letter, however, does not seem to be within the record.

Counsel contend that the law contemplates that the work shall be done at the capital, and that the board may properly disregard any bid which involves the taking of the work elsewhere; but we find it unnecessary to pass upon this question.

The writ is denied.

The other Justices concurred.